**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| LENORA DAVIS BATEMAN; et al., | No. 10-35050 |
| Plaintiffs - Appellants, | D.C. No. 9:08-cv-00096-DWM-JCL |
| v. | |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA, | MEMORANDUM[*] |
| Defendant, and | |
| FEDERAL INSURANCE COMPANY, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Argued and Submitted January 14, 2011
Seattle, Washington

Before: GRABER and FISHER, Circuit Judges, and MARSHALL,[**] Senior
District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The Honorable Consuelo B. Marshall, Senior United States District Judge for the Central District of California, sitting by designation.

Plaintiffs appeal the district court's grant of summary judgment to Defendant Federal Insurance Company in this action for a declaratory judgment. Plaintiffs seek a declaration that Defendant, in handling Plaintiffs' third-party claims, violated its duties under Montana's Unfair Trade Practices Act ("UTPA") and the common law. Reviewing de novo, Alexander Mfg., Inc. Employee Stock Ownership Plan & Trust v. Ill. Union Ins. Co., 560 F.3d 984, 986 (9th Cir. 2009), we affirm in part, reverse in part, and remand to the district court.

We affirm the district court's dismissal of Plaintiffs' claim that Defendant failed to attempt a good-faith settlement, as required by the UTPA and common law. Plaintiffs fail to raise a genuine issue of material fact as to whether liability was reasonably clear. See Mont. Code Ann. § 33-18-201(6) (providing that an insurer has a duty "to attempt in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear"); Palmer ex rel. Diacon v. Farmers Ins. Exch., 861 P.2d 895, 903 (Mont. 1993) (holding that, under Montana common law, an insurer cannot be held liable for bad faith in denying a claim "if the insurer had a reasonable basis for contesting the claim"). Lead counsel advised Defendant that: (1) Plaintiffs would have "a very tough time meeting their burden of proof both on fraud and personal interest"; (2) the insureds had performed the necessary due diligence and had "sought, obtained and relied

2

upon the advice of their counsel"; and (3) there was no evidence of "prohibited transactions or self dealing by the [insureds]." Moreover, the defense experts' opinions establish that liability was not reasonably clear.

Additionally, Plaintiffs fail to raise a triable issue of fact regarding the reasonableness of paying for the separate representations of Ric Odegard, Michael Davis, and the insolvent Tidyman's entities. The fact that the co-defendants submitted several joint motions and filings does not establish that there was no substantial risk of a conflict arising. Consequently, the district court properly dismissed those claims.

We also affirm the dismissal of Plaintiffs' misrepresentation claim because Plaintiffs do not allege there was any affirmative misrepresentation, and the UTPA does not confer upon insurers a duty to disclose information in response to third-party claimants' requests for an explanation of coverage, policy limits, and amounts already expended on defense. See Mont. Code Ann. § 33-18-201(1) (prohibiting insurers from "misrepresent[ing] pertinent facts or insurance policy provisions relating to coverages at issue").

Unlike the district court, however, we conclude that, viewing the evidence in the light most favorable to Plaintiffs, a genuine issue of fact remains as to whether Defendant conducted a reasonable investigation of Plaintiffs' claim, as required by

3

Montana Code Annotated section 33-18-201(4). See Lorang v. Fortis Ins. Co., 192 P.3d 186, 217 (Mont. 2008) ("[T]he reasonableness of an insurer's investigation is a factual issue which ordinarily must be resolved by the jury."). The district court correctly held that, in general, an insurance company may rely on a reasonable investigation conducted by the insured's lawyer. See Ensey v. Colo. Cas., 30 P.3d 350, 352 (Mont. 2001) (holding that a defense lawyer retained to represent the insured can act on behalf of the insurer to fulfill obligations under section 201 of the UTPA). In this case, however, there is a triable issue of fact as to whether Defendant was on notice that counsel's investigation was unreasonable. Upon receiving lead counsel's analysis of the insured's potential liability, Defendant's claims examiner responded that he needed "much more information before [he could] properly evaluate this matter." He then posed 15 additional questions to lead counsel. The record contains no response from lead counsel providing a more thorough analysis. Thus, viewing the current record in the light most favorable to Plaintiffs, the question whether Defendant reasonably relied on counsel's investigation is disputed and material.

Despite that issue of fact, for the most part we affirm the district court's dismissal of Plaintiffs' claim because the remedy that Plaintiff seeks is not available under Montana's UTPA. Under Erie Railroad Co. v. Tompkins, 304 U.S.

4

64 (1938), the remedy for a state-law claim—even if brought in federal court—is defined by the state statute that created the claim. See Clausen v. M/V New Carissa, 339 F.3d 1049, 1065 (9th Cir. 2003) (holding that a right to damages is substantive and governed by state law in a diversity action because the remedy "is inseparably connected with the right of action" (internal quotation marks omitted)); 19 Charles Alan Wright et al., Federal Practice and Procedure § 4513 (2d ed. 1996) (discussing the equitable powers of federal courts sitting in diversity and observing that remedies for state-created rights should be granted according to state law). Contrary to Plaintiffs' arguments, the Declaratory Judgment Act's "further relief" provision, 28 U.S.C. § 2202, does not allow us to bypass the Erie doctrine to fashion a remedy that is not available under the state law that created Plaintiffs' cause of action.

Here, Plaintiffs rest several claims on non-actionable provisions of the UTPA. See Mont. Code Ann. § 33-18-242(1) (limiting third-party claims to those asserted under subsections (1), (4), (5), (6), (9) or (13) of § 33-18-201). Because the UTPA provides no remedy for violations of subsections 33-18-201(2), (3), and (14), the district court properly dismissed Plaintiffs' claims under those subsections.

5

Further, a federal court may not grant the equitable relief that Plaintiff proposes for violations of the UTPA's actionable provisions. Plaintiffs seek a declaration that Defendant violated the UTPA, a statute that provides relief only in the form of money damages. See Mont. Code Ann. § 33-18-242(1), (4). Plaintiffs, however, ask this court, pursuant to the "further relief" provision of the Declaratory Judgment Act, to estop Defendant from enforcing the defense-within-limits clause of the insurance contract. That is not a remedy available under the UTPA and, thus, it is unavailable in this diversity action.

Still, in the prayer for relief, Plaintiffs also request "such other and further relief as is deemed just and equitable." It is unclear whether Plaintiffs' prayer for relief encompasses a claim for money damages under the UTPA. If, on remand, the district court concludes that Plaintiffs' complaint includes a claim for damages under the UTPA, dismissal of that claim is not warranted because issues of fact remain as to whether Defendant conducted a reasonable investigation. Alternatively, if the district court understands the complaint as not including a claim for damages under the UTPA, the court shall exercise its discretion to decide whether Plaintiffs may amend their complaint under Federal Rule of Civil

Procedure 15 to include that claim or, instead, to foreclose amendment and dismiss this remaining claim.

AFFIRMED in part, REVERSED in part, and REMANDED.  The parties shall bear their own costs on appeal.