NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 17 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES LEE CONSTRUCTION, INC., a Montana Corp.; JAMES B. LEE; TRACY D. LEE, husband and wife, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> GOVERNMENT EMPLOYEES INSURANCE COMPANY, a corporation; GEICO GENERAL INSURANCE COMPANY, a corporation; GEICO INDEMNITY COMPANY, a corporation; GEICO CASUALTY COMPANY, <br><br> Defendants-Appellees. | No.   22-35102 <br><br> D.C. No. 9:20-cv-00068-DWM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Argued and Submitted December 8, 2022
Seattle, Washington

Before:  O'SCANNLAIN, McKEOWN, and MILLER, Circuit Judges.

Plaintiffs James Lee Construction, Inc., and James and Tracy Lee ("Lee

Plaintiffs") sought to represent a putative class challenging the subrogation practices

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

of Defendants Government Employees Insurance Company, GEICO General Insurance Company, GEICO Indemnity Company, and GEICO Casualty Company ("GEICO Defendants"). The district court dismissed the Lee Plaintiffs' claims, and the Lee Plaintiffs appealed that dismissal. As the facts are known to the parties, we repeat them only as necessary to explain our decision. We affirm.

I

We start by clarifying what is at issue in this appeal. The Lee Plaintiffs purport only to advance claims and arguments for declaratory relief—not for damages. *See, e.g.*, Oral Arg. at 2:59-3:13 (conceding that the Lee Plaintiffs are only seeking declaratory relief); *see also, e.g.*, Blue Br. 29 (disclaiming UTPA damages); Blue Br. 41 (conceding unavailability of contract damages). Accordingly, whatever the requirements of Montana's "made whole" rule governing subrogation and the relevance of those requirements to a claim for damages, *see, e.g.*, *Van Orden v. United Servs. Auto Ass'n*, 318 P.3d 1042 (Mont. 2014), the sole question presented on appeal—and the only issue we need decide—is whether the district court erred in dismissing the Lee Plaintiffs' claims for declaratory relief. *See, e.g., Currier v. Potter*, 379 F.3d 716, 723 n.4 (9th Cir. 2004); *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008); *see also Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994).

## II

The Montana Unfair Trade Practices Act—at least as we read the statute, *see, e.g.*, *Bateman v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 423 F. App'x 763, 766 (9th Cir. 2011) (following *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938))—does not permit the Lee Plaintiffs' claims for declaratory relief. *See* Mont. Ann. Code § 33-18-242(3) ("An insured who has suffered damages as a result of the handling of an insurance claim may bring an action against the insurer for breach of the insurance contract, for fraud, or pursuant to this section, but not under any other theory or cause of action."). First, the Lee Plaintiffs' suit—which challenges the GEICO Defendants' subrogation practices—seeks relief for injuries resulting from "the handling of an insurance claim." Mont. Ann. Code § 33-18-242(3); *see also, e.g.*, *Johnson v. Mont. Eleventh Jud. Dist.*, No. 21-OP-0472, 2021 WL 5088743, at *2 (Mont. 2021). Second, the Lee Plaintiffs' claims for declaratory relief—which seek, *inter alia*, a declaration that the GEICO Defendants have failed to ensure that their insureds are "made whole" prior to subrogation, *see, e.g.*, Blue Br. 54; E.R. 42— cannot proceed because, whatever other infirmities might plague the operative claims, *see, e.g.*, E.R. 10-15, such declaratory relief is not a permissible "theory or cause of action" allowed under the Montana law applicable here. Mont. Ann. Code § 33-18-242(3); *see, e.g.*, *Bateman*, 423 F. App'x at 766; *Byorth v. USAA Cas. Ins. Co.*, No. 17-CV-153-M-KLD, 2019 WL 6715970, at *2-5 (D. Mont. Dec. 10, 2019);

*Woodman v. Standard Ins. Co.*, No. 20-CV-153-M-KLD, 2021 WL 927373, at *2-3

(D. Mont. Mar. 11, 2021).

**AFFIRMED.**